## H. N. BERRY *v.* H. F. BROACH.

1. CORPORATION.   *Sale of assets.   Majority of stockholders.*

   A majority of the stockholders of a commercial corporation doing an unsuccessful and unprofitable business may sell its assets.

2. SAME.   *Sale of assets.   Participating stockholder bound.*

   A stockholder who participates in such sale, even if it be voidable at the election of non-participating stockholders, cannot avoid it when ratified by their acquiescence.

APPEAL from the Circuit Court of Lauderdale County.
HON. S. H. TERRAL, Judge.

At a meeting of stockholders of the Meridian Grange Co-operation Association, a contract was made with H. F. Broach in the following language:

                                    "MERIDIAN, Miss., July 7th, 1886.

   "Be it known unto all men that a quorum of the stockholders of the Meridian Grange Co-operative Association, being in session, have accepted the following proposition from H. F. Broach:   That he agrees to pay to each stockholder forty per cent. of the face value of his or her stock, either in goods at current prices when called for, or in cash on the first day of January, 1887, he agreeing to assume and pay all outstanding liabilities of the association; for and in consideration of the proposition the stockholders agree to turn over all the stock of goods now on hand, all store fixtures and notes and accounts belonging to them unto the said H. F. Broach to have and hold as his own. The directors are hereby instructed to close the trade and transfer the property.   Done by order of the stockholders.

              E. L. SPINKS,          T. D. PIGFORD,
                   *Secretary.*              *Chairman.*"

This contract was " ratified " by the directors in a written instrument as follows :

MERIDIAN, Miss.

"We the undersigned directors of the Meridian Grange Co-operative Association, of the first part, and H. F. Broach, of the second part, have this day ratified the above contract, and the goods and store fixtures and notes and accounts are transferred to the said H. F. Broach, and the said H. F. Broach hereby binds himself to execute his part of the contract.

Witness our hands and seals this the 7th day of July, 1886.

E. L. SPINKS.
M. PIGFORD.
T. D. PIGFORD.
H. N. BERRY.
JOHN STEVENSON."

This latter instrument was also signed by H. F. Broach.

On the 21st of June, 1887, Broach brought suit before a justice of the peace against H. N. Berry, one of the subscribers to the instrument last above quoted, for the balance of an open account which the plaintiff claimed that defendant owed to the Meridian Grange Co-operative Association, and the title to which, as he claimed, had passed to him under the contract and ratification above set forth.

The defendant contested the demand on the ground, among others, that " The said plaintiff is not the owner of said account, because the said pretended contract of transfer of said account to him from the Meridian Grange Co-operative Association is *ultra vires* and void, the meeting of the stockholders at which the authority to the directors to make said transfer, being illegal, on account of the failure to give the stockholders notice, and because said authority was not given by an unanimous vote of said stockholders." The justice of the peace gave judgment for the defendant, and the plaintiff appealed to the Circuit Court.

At the trial in the Circuit Court, it was proven that the meeting of stockholders of the Meridian Grange Co-operative Association on the 7th of July, 1886, was a regular semi-annual meeting, of which general notice was given through a newspaper published in Lauderdale county; but that there was nothing in such general notice, and no special notice, which gave, or could have

given information of the character of business which would be transacted at that meeting ; that there was no notice whatever served personally on the stockholders ; that there were one hundred shares of stock of the Association, or thereabouts, twenty-five of which were represented at such meeting by the owners thereof, and others, at least forty, were represented by persons having verbal authority to represent the same; and that no steps have been taken by any of the stockholders who did not participate in the action of that meeting to avoid the contract then made and above set forth.

The verdict and judgment were in favor of the plaintiff, and the defendant appealed to this court.

*Witherspoon & Witherspoon*, for the appellant.

1. The meeting of stockholders on the 7th of July, 1886, was illegal, and the pretended sale then made was void, because the stockholders were not notified of such meeting.  When anything more than the ordinary business of a corporation is to be transacted at a regular meeting, the stockholders should be served personally with notice of the character of the business to be transacted.   Wood's Field on Corp., § 201, p. 314; Potter on Corp., § 343 ; Argel & Ames on Corp., § 489 ; *Rex* v. *Liverpool*, 2 Burr., 723; *Rex* v. *Doncaster*, Id., 738; *Rex* v. *Theodorick*, 8 East., 543 ; *Peoples Mut. Ins. Co.* v. *Westcott*, 14 Gray, 440 ; *Stow* v. *Wyse*, 18 Am. Dec., 103.

2. The pretended contract of sale was void because not made by the unanimous vote of the stockholders.   Wood's Field on Corp., (2d Ed.) § 84, p. 143.

3. The claim that a majority of the stockholders were at the meeting in question is not maintainable, because based upon a count of " verbal" proxies; while the law requires proxies to be in writing.   Cook on Stock & Stockholders, § 610.   And a general proxy in writing would not authorize a vote for a dissolution of the corporation.   *Abbot* v. *Am. Hard Rubber Co.*, 33 Barb., 578.

*G. H. Shamburger*, for the appellee.

1. When a corporation is a failing enterprise, a majority of the stockholders may against the dissent of the minority vote a sale of all the corporate property, with a view to dissolution and

payment of the corporate debts.   Cook on the Law of Stock & Stockholders, § 667; Wood's Field on Corp., 2d Ed., § 445.

2. The meeting was a general stated one, fixed by the by-laws of the corporation, and there is no evidence that the charter or by-laws provided for notice of such meetings; and unless the charter or by-laws restricted or limited such stated meeting to the transaction of *particular business*, all business within the corporate powers, express or implied, could be transacted. Wood's Field on Corp., § 204, and note on page 313.

3. The rule requiring written evidence of a proxy appointment, is intended to prevent voting by proxy where the right does not exist, and therefore if the corporation allows parties to vote as proxies upon their statement of authority from absent members, and afterwards a corporate act is assailed, and especially in a collateral proceeding, upon the ground that the necessary number of corporators did not vote for it, the assault may be repelled by showing that the proxies had verbal authority to vote.

COOPER, C. J., delivered the opinion of the Court.

It was within the power of a majority of the stockholders to make the sale of the assets of the Meridian Grange Co-operative Association, an incorporated company doing an unsuccesful and unprofitable business.   Morawetz on Private Corporations, sec. 413; Wood's Field on Corporations, sec. 445; Cook on Stock and Stockholders, sec. 668.

If the act of the majority was conceded to be voidable at the election of the non-participating stockholders, the defendant who participated in the sale could not avoid the contract which has been ratified by the acquiescence of the other stockholders.

The judgment is manifestly right on this branch of the case, and the question of the amount of the defendant's indebtedness was fairly submitted to the jury.

*The judgment is affirmed.*